## STATE OF CONNECTICUT *v.* SHERMAN EDWARDS
### (13223)

O'Connell, Heiman and Spear, Js.

Argued June 6—decision released September 12, 1995

*Elizabeth M. Inkster*, assistant public defender, for the appellant (defendant).

*Harry Weller*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Cecilia Weiderhold*, assistant state's attorney, for the appellee (state).

O'CONNELL, J. This appeal is a companion to *State v. Guess*, 39 Conn. App. 224, 665 A.2d 126 (1995), which we have decided today. The basis of this case is the fifth substitute information charging the defendant with murder in violation of General Statutes §§ 53a-54a and

53a-8, conspiracy to commit murder in violation of General Statutes §§ 53a-48 (a) and 53a-54a, and criminal attempt to commit murder in violation of General Statutes §§ 53a-49 (a) (2), 53a-8 and 53a-54a.[1] The jury returned a verdict of not guilty of the charges of murder, conspiracy to commit murder and criminal attempt to commit murder, and guilty of the lesser included offense of manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-8 and 53a-55a. The defendant appeals from this conviction.

The defendant claims that the trial court improperly (1) denied his motion to sever his joint trial, (2) instructed the jury on reasonable doubt, (3) admitted the defendant's mug shot into evidence, and (4) denied his postjudgment motion for judgment of acquittal of the lesser included offense of manslaughter in the first degree with a firearm because there was insufficient evidence to support the conviction. We reverse the judgment of the trial court.

In *Guess*, the facts concerning the shooting that lead to the death of Andre Moore are set forth in detail. We incorporate the basic facts into this decision without repeating them in full. The facts differ to the extent that the defendant claims that he was not the person behind the bush with the codefendant when the shooting occurred. The jury could reasonably have found otherwise. Additional facts pertaining only to this appeal are included in the analyses of individual claims.

I

SEVERANCE

The defendant first claims that the trial court improperly denied his motion to sever his trial from that of

---

[1] The defendant was also charged with carrying a pistol without a permit in violation of General Statutes §§ 29-28 and 29-35. Shortly before the close of evidence, the trial court granted the defendant's motion for judgment of acquittal on that count.

the codefendant. We disagree. We adopt the discussion of the severance issue from *State* v. *Guess*, supra, 39 Conn. App. 233–36, in so far as it applies to this case.

The distinction between the defendant's severance claim and that of the codefendant involves the admission of the codefendant's statement into evidence. A defendant is deprived of his rights under the confrontation clause when the nontestifying codefendant's confession, which *expressly implicates* him as a participant in the crime, is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant. *Bruton* v. *United States*, 391 U.S. 123, 137, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). That deprivation does not occur if the codefendant's confession is redacted to omit any reference to the defendant, and a proper limiting instruction is given by the trial court. *Richardson* v. *Marsh*, 481 U.S. 200, 206, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987).

*Bruton* is limited to those confessions that are incriminating on their face in that they "expressly implicate" the defendant in the actual commission of the crime. *Richardson* v. *Marsh*, supra, 481 U.S. 204–10; *State* v. *Smith*, 15 Conn. App. 122, 129–30, 543 A.2d 301, cert. denied, 209 Conn. 805, 548 A.2d 441 (1988). Confessions by a codefendant that do not directly implicate the defendant are therefore not within the prohibition of *Bruton*. See *State* v. *John*, 210 Conn. 652, 679, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989); *State* v. *Briggs*, 17 Conn. App. 648, 656, 554 A.2d 1112, cert. denied, 211 Conn. 802, 559 A.2d 1137 (1989). The calculus does not change simply because the defendant is subsequently linked to the confession by evidence properly admitted against him at trial. *Richardson* v. *Marsh*, supra, 208–10.

In this case, the codefendant gave a statement in which he admitted firing gunshots from behind a bush.

In his statement, the codefendant implicated a second person in the shooting, but did not disclose the identity of the other participant. The codefendant also indicated that he could not discern how many shots were fired by the second shooter or at whom those shots were fired. The defendant was never identified by the codefendant as the second assailant, nor does the defendant's name appear anywhere in the codefendant's statement. The trial court admitted the statement into evidence, and instructed the jury that it was to consider the statement solely against the codefendant.

The defendant argues that there is a distinct implication from the codefendant's statement that the defendant is also responsible for shooting Moore. The defendant argues that the codefendant's statement has the same effect as if the codefendant had specified the defendant by name, creating the functional equivalent of the problem in *Bruton*. We do not agree that the implication was that clear. In this case, the confession, on its face, did not incriminate the defendant, and would have done so only when linked with other evidence introduced at trial. See *Richardson* v. *Marsh*, supra, 481 U.S. 208.

We conclude that the facts of this case do not fall within the ambit of *Bruton*, and also determine that there is no evidence to suggest that the jury did not follow the specific instructions given to it regarding the admissibility of the statement. A jury is presumed to follow the court's instructions. *State* v. *Ortiz*, 217 Conn. 648, 669, 588 A.2d 127 (1991). Accordingly, the defendant did not suffer substantial prejudice by the admission of the codefendant's statement so as to require a separate trial.

The defendant also contends that he was prejudiced by the spillover effect from the evidence admitted

against the codefendant,[2] and claims that the jury instructions were inadequate to cure the prejudice he suffered. We disagree, and find no merit to the defendant's claim that the jury could not have evaluated his guilt without using the codefendant's statement. The jury was furnished with other evidence that, if believed, was sufficient to implicate the defendant in the shooting. The trial court specifically charged the jury as to the admissibility of each piece of evidence, and instructed it not to use the codefendant's statement, or any of the other evidence admitted solely against the codefendant, in evaluating the defendant's guilt.

The defendant did not suffer substantial injustice from the evidence admitted against the codefendant, nor was he deprived of his rights under the confrontation clause. We therefore conclude that the trial court properly denied the defendant's motion to sever his joint trial.

## II

### REASONABLE DOUBT INSTRUCTION

It is fundamental that proof of guilt in a criminal case must be established beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State* v. *DelVecchio*, 191 Conn. 412, 419, 464 A.2d 813 (1983). The reasonable doubt standard "provides concrete substance for the presumption of innocence—the bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.' " *In re Winship*, supra, 363. A defendant in a criminal case is entitled to a clear and unequivocal charge by the court that

---

[2] The defendant claims that he was prejudiced not only by the codefendant's confession, but also by other evidence properly admitted against the codefendant at trial, including the fruits of the search of the codefendant's apartment.

the guilt of the defendant must be proved beyond a reasonable doubt. *State* v. *DelVecchio*, supra, 420.

The defendant contends that the trial court's instructions impermissibly diluted the state's burden of proving the defendant guilty beyond a reasonable doubt and weakened the general principle of the presumption of innocence. Because this claim was not preserved, the defendant seeks review under the doctrine of *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[3] The first two conditions of *Golding* are met because the right not to be convicted except by proof beyond a reasonable doubt is a constitutional right, and the record is adequate for our review. The defendant cannot prevail on his claim, however, because he has failed to demonstrate that the alleged constitutional violation clearly exists and clearly deprived him of a fair trial as required by *Golding*.

In reviewing a constitutionally based challenge to a court's jury instruction, we must examine the charge in its entirety to determine whether it is reasonably possible that the jury was misled. *State* v. *Quintana*, 209 Conn. 34, 50, 547 A.2d 534 (1988); *State* v. *Cardany*, 35 Conn. App. 728, 737, 646 A.2d 291, cert. denied, 231 Conn. 942, 653 A.2d 823 (1994). It is axiomatic that in reviewing a challenged portion of a jury charge, we

---

[3] In *State* v. *Golding*, supra, 213 Conn. 239–40, the court reformulated the standard set forth in *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973), as follows: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt."

The first two conditions must be met before a claim will be reviewed, but the third condition involves a review of the claim itself. *State* v. *Cardany*, 35 Conn. App. 728, 733, 646 A.2d 291, cert. denied, 231 Conn. 942, 653 A.2d 823 (1994); *State* v. *Graham*, 33 Conn. App. 432, 442, 636 A.2d 852, cert. denied, 229 Conn. 906, 640 A.2d 117 (1994).

must consider the charge as a whole and its effect in guiding the jury to a proper verdict. *State* v. *Quintana*, supra, 50. We do not scrutinize an individual section of an instruction in artificial isolation from the overall charge in " 'a microscopic search for possible error.' " *State* v. *McDonough*, 205 Conn. 352, 356, 533 A.2d 857 (1987), cert. denied, 485 U.S. 906, 108 S. Ct. 1079, 99 L. Ed. 2d 238 (1988).

The essence of the defendant's claim is that the trial court improperly instructed on reasonable doubt and the presumption of innocence when, on a single occasion, it charged the jury as follows: "If the jury views all of the evidence as reasonably permitting either of two conclusions, one of innocence, the other of guilt, the jury *should*, of course, adopt the conclusion of innocence." (Emphasis added.) The defendant contends that the word "should" is permissive and effectively gave the jury an *option*, rather than a mandate, to acquit if the state did not meet its burden of proving each and every element beyond a reasonable doubt.

The trial court's instructions on the presumption of innocence and reasonable doubt encompass three pages of the trial transcript. In those pages, the jury was instructed that "the presumption of innocence alone is sufficient to acquit," and that "[a] reasonable doubt may arise not only from the evidence produced but also from a lack of evidence . . . . [A] defendant has the right to rely upon a failure of the prosecution to establish such proof." The sentence in question occurred as the court continued in its instructions on reasonable doubt by stating: "If however, on all the evidence you have a reasonable doubt as to the guilt of the defendant you *must* find him not guilty. If the jury views all of the evidence in the case as reasonably permitting either of two conclusions, one of innocence, and the other of guilt, the jury *should*, of course, adopt the conclusion of innocence." (Emphasis added.)

After the trial court scrupulously charged the jury on the offenses applicable to each codefendant, the jury was again told that "[t]he state does not want the conviction of [an] innocent person or of any person of whose guilt upon the evidence there is a reasonable doubt." The court then reinstructed the jury that it was to convict "[i]f and when guilt was established beyond a reasonable doubt." The court concluded its charge by reviewing the basic concept upon which the presumption of innocence is based: "[I]f you have a reasonable doubt as to his guilt you *will* give him the benefit of that doubt and find him not guilty." (Emphasis added.)

While at times the words "should" and "must" carry two different directives, one permissive and one mandatory, the words may be used interchangeably.[4] Because there is a discrepancy in shades of meaning, we do not approve of substituting "should" for "must" in any portion of a reasonable doubt instruction. Our task, however, is not to extract single words in isolation, but rather to examine them in the context of the whole charge. In so doing, we conclude that the trial court properly instructed the jury on reasonable doubt both before and after the single use of the word "should." Upon examination of the record and the instructions in their entirety, we cannot conclude that the challenged instruction was fundamentally unfair to the defendant. Accordingly, the defendant cannot prevail under the bypass rule of *State* v. *Golding*, supra, 213 Conn. 239–40.

## III

## ADMISSION OF MUG SHOT

The defendant next claims that his right not to testify was unconstitutionally burdened when his mug shot

---

[4] "Should" is defined as "an auxiliary . . . used to express duty, obligation, necessity, propriety . . . ." Webster's Third New International Dictionary.

"Must" is defined as "an imperative need or duty: obligation, requirement . . . ." Id.

from the New Haven police department was introduced at trial, thus effectively putting his prior criminal record before the jury. Because this claim was unpreserved, the defendant seeks review under *Golding*.[5] We will review the claim because the defendant alleges a violation of a fundamental right, and the record is adequate for review.

The state attempted to introduce into evidence a photograph taken by the New Haven police department. The photograph contained both an identification number and a date. After having initially made an objection to the admission of the photograph, defense counsel withdrew the objection because he did not "foresee prejudice to [his] client as a result of this issue in view of other evidence presented so far." Defense counsel did not request that the mug shot be sanitized by removing the number or the date.

"Our courts have recognized the potentially prejudicial effect of exposing a jury to mugshots." *State* v. *Harris*, 10 Conn. App. 217, 232, 522 A.2d 323 (1987). In this case, however, defense counsel withdrew his objection to the admission of the mug shot because he did not foresee any prejudice to the defendant. Accordingly, the trial court admitted the mug shot into evidence. For the defendant to claim on appeal that he was prejudiced by the admission of the evidence is trial by ambuscade. *State* v. *Robinson*, 227 Conn. 711, 741, 631 A.2d 288 (1993).

This situation is in the nature of induced error. Actions that are induced by a party ordinarily cannot be grounds for error. *State* v. *Walton*, 227 Conn. 32, 67, 630 A.2d 990 (1993); *State* v. *Boyd*, 36 Conn. App. 516, 520, 651 A.2d 1313, cert. denied, 232 Conn. 912, 654 A.2d 356 (1995). A defendant can present a claim of relief from induced error "only upon a showing that

[5] See footnote 3.

the error violated his constitutional rights." *State* v. *Harrison*, 34 Conn. App. 473, 488, 642 A.2d 36, cert. denied, 231 Conn. 907, 648 A.2d 157 (1994).

Although the defendant labels his claim as constitutional, he has foundered on the third prong of *Golding*. The trial court properly instructed the jury to draw no inferences from the defendant's failure to testify. The jury, in the absence of a fair indication to the contrary, is presumed to follow the court's instructions. *State* v. *Ortiz*, supra, 217 Conn. 669. The defendant has not established that the admission of the mug shot was clearly a constitutional violation and clearly deprived him of a fair trial. *State* v. *Golding*, supra, 213 Conn. 239–40. We further conclude that if there was any prejudice, it was cured by a proper jury instruction.

## IV

## LESSER INCLUDED OFFENSE

The defendant also claims that the evidence adduced at trial was insufficient to support a conviction of manslaughter in the first degree with a firearm.

In *State* v. *Guess*, supra, 39 Conn. App. 238, we held that, under the facts of that case, manslaughter in the first degree with a firearm was not a lesser included offense of murder, and concluded that the facts supported a conviction of manslaughter in the first degree.[6] We reach the same conclusion in this case. The state produced sufficient evidence to prove the elements of manslaughter in the first degree.

---

[6] The parties were ordered to file supplemental briefs to address the following inquiries: "(1) is the crime of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a a lesser included offense of the crime of murder in violation of General Statutes § 53a-54a as charged in the information in light of the doctrine of *State* v. *Whistnant*, 179 Conn. 576, 427 A.2d 414 (1980), and (2) if the answer is no, what relief shall be afforded to the defendant?" Compare *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 98–99, 644 A.2d 325 (1994).

The judgment of conviction of manslaughter in the first degree with a firearm is reversed and the case is remanded to the trial court with direction to render a judgment of conviction of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1) and to resentence the defendant in accordance with that conviction.

In this opinion the other judges concurred.