SHERMAN EDWARDS *v.* COMMISSIONER OF CORRECTION
(AC 24777)

Schaller, Flynn and McLachlan, Js.

Argued January 7—officially released March 22, 2005

*David J. Reich*, special public defender, for the appellant (petitioner).

*Jessica Probolus*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, J. The petitioner, Sherman Edwards, appeals from the judgment of the habeas court denying his

petition for a writ of habeas corpus. The court granted the petition for certification to appeal. The petitioner claims that the court improperly concluded that he was not deprived of the effective assistance of counsel. We affirm the judgment of the habeas court.

The incident that gave rise to criminal charges against the petitioner took place on May 31, 1991. On that day, shooting erupted at the Quinnipiac Terrace housing project in New Haven as two rival gangs battled for control of the project's drug trade. While responding to a reported shooting at the project, investigating officers encountered sporadic gunfire. As police tried to defuse the situation, the petitioner and Kevin Guess, who were tried together as codefendants, concealed themselves behind a bush. One of the officers at the scene saw muzzle flashes from gunshots fired from behind the bush. One of these gunshots ricocheted and struck and killed Andre Moore, a member of one of the project's gangs.

The petitioner was arrested on November 29, 1991, in connection with the shooting and charged with murder. At trial, a mug shot type of photograph was introduced showing the petitioner holding a placard with the words "Police Dept. New Haven CT" and the number "75428." The photograph was signed by Detective Ralph DiNello and Markease Hill, a member of a rival gang, and dated July 21, 1991.

Following the jury trial, the petitioner was found guilty of manslaughter in the first degree with a firearm. We reversed his conviction of manslaughter in the first degree with a firearm, that crime not being a lesser offense included in the crime of murder under the applicable facts, and remanded the case with direction to render a judgment of guilty of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1). *State* v. *Edwards*, 39 Conn. App. 242, 665 A.2d 611, cert. denied, 235 Conn. 924, 925, 666 A.2d 1186 (1995).

Several years later, in 2003, the petitioner filed a petition for a writ of habeas corpus. In his petition, he claimed, inter alia, that he did not have effective assistance of counsel during trial. The habeas court denied the petition and granted certification to appeal. This appeal followed. Additional facts will be set forth as necessary.

On appeal, we review a habeas court's findings of fact "under the clearly erroneous standard of review . . . . [W]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the federal constitution, and by article first, § 8, of the constitution of Connecticut. In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Toccaline* v. *Commissioner of Correction*, 80 Conn. App. 792, 797–98, 837 A.2d 849, cert. denied, 268 Conn. 907, 845 A.2d 413, cert. denied sub nom. *Toccaline* v. *Lantz*, 543 U.S. 854, 125 S. Ct. 301, 160 L. Ed. 2d 90 (2004). "A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose

of the claim on the ground of insufficient prejudice." *Nardini* v. *Manson,* 207 Conn. 118, 124, 540 A.2d 69 (1988).

"We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. . . . The habeas court judge, as trier of the facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Citation omitted.) *Beasley* v. *Commissioner of Correction,* 47 Conn. App. 253, 262, 704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998).

In the present case, the petitioner claims that he was denied effective assistance of counsel because trial counsel failed to object to the admission of the mug shot type of photograph of the petitioner, to ask that any information or markings on the photograph be redacted or to request any curative jury instructions. He argues specifically that the admission of the mug shot was prejudicial to him and that he was denied effective assistance of counsel because the jury could have determined that the photograph was from a previous arrest. We disagree.

"[Our Supreme Court] has several times cautioned against indiscriminate use of police mug shots. *State* v. *Albin,* 178 Conn. 549, 553, 424 A.2d 259 (1979); *State* v. *Peary,* 176 Conn. 170, 176, 405 A.2d 626 (1978), cert. denied, 441 U.S. 966, 99 S. Ct. 2417, 60 L. Ed. 2d 1072 (1979). The reason is that such photographs indicate prior arrests, not otherwise admissible, which present an accused person in an unfavorable light before the jury. Such photographs, however, enable the prosecution to establish at trial that a witness has made an earlier identification of an accused. We have held that they are admissible if they are relevant and material and if their probative value outweighs their prejudicial

tendency." (Internal quotation marks omitted.) *State* v. *Pecoraro*, 198 Conn. 203, 205–206, 502 A.2d 396 (1985).

In this case, the petitioner's photograph was relevant to establish earlier identifications of the petitioner, which were later recanted at trial. While it may be, as the habeas court stated, better practice to redact the placard and dates from mug shot type photographs, "[t]he right of a defendant to effective assistance is not, however, the right to perfect representation." (Internal quotation marks omitted.) *Jeffrey* v. *Commissioner of Correction*, 36 Conn. App. 216, 218, 650 A.2d 602 (1994). "Errors alone do not give rise to a claim of ineffective assistance; only errors so serious that counsel ceased functioning as counsel . . . ." *Falby* v. *Commissioner of Correction*, 32 Conn. App. 438, 442, 629 A.2d 1154, cert. denied, 227 Conn. 927, 632 A.2d 703 (1993). We conclude that the petitioner has failed to satisfy the first prong of the *Strickland* test for establishing ineffective assistance of counsel. The petitioner has not demonstrated that his counsel's performance was deficient so as to deny him his sixth amendment right to effective assistance.

However, even if we were to conclude that counsel's performance was deficient, the petitioner has also failed to satisfy the second prong of *Strickland*. "The second prong is . . . satisfied if the defendant can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Siano* v. *Warden*, 31 Conn. App. 94, 98, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993).

The petitioner argues that the photograph indicated a prior arrest. The photograph of the petitioner introduced at trial was signed by DiNello and dated July 21, 1991, while the petitioner's arrest warrant was dated

November 29, 1991. The photograph also showed a certain identification number. A witness, in a prior statement introduced at trial, had identified the petitioner to the police by an identification number different from the one on the photograph. This photograph introduced at trial showed the number "75428." Robert Boxley, a fellow gang member also present at the time of the incident, identified the petitioner as "New Haven police photo number 75429" in his statement to the police. During deliberations, the jury recognized the two separate identification numbers referring to the petitioner and sent a note to the court asking for clarification.[1] The court responded: "I have discussed this with counsel, and I think the answer to the question is that the photo ID number which shows 75428 is the New Haven police department number assigned for their record keeping. That's what that number is for. It is for the New Haven police department record keeping purposes."

The petitioner has not proven that the result of the trial would have been different if the photograph had been redacted or not admitted into evidence. Although the jury was aware of the two identification numbers referring to the petitioner, as was raised by the public defender on cross-examination of trial counsel during the habeas proceeding, the habeas court was not clearly erroneous in finding. "It is possible that a person viewing this photograph could conclude that this placard is indicative of the petitioner having been previously being arrested by the New Haven police department. It is also possible that a person could conclude that this

---

[1] During deliberations, the jury sent a note to the court that inquired: "We have two different photo I.D. numbers for [the petitioner]. Which is the correct I.D. #? Photo with I.D. # 75428 . . . or Robert Boxley's statement 6/14/91 . . . which says on page 4 'Q: Bam [the petitioner's street name] is New Haven police photo number 75429?

'A: Right.

'Q: As [the petitioner]?

'A: Right.' "

photograph was taken at the time of the petitioner's arrest on the instant charge . . . The effect, if any, that this photograph might have had upon the jury is speculative, at best."

At the petitioner's criminal trial, the court instructed the jury not to draw any inferences of guilt from the fact that the petitioner had been arrested. "The jury is presumed, in the absence of a fair indication to the contrary, to have followed the court's instructions as to the law." (Internal quotation marks omitted.) *State v. Jennings*, 216 Conn. 647, 664, 583 A.2d 915 (1990). As we stated in *State v. Edwards*, supra, 39 Conn. App. 252, "if there was any prejudice [by the admission of the petitioner's unredacted photograph], it was cured by a proper jury instruction."

Additionally, contrary to the petitioner's contention, the case was not close. In his statement to the police, Hill identified the petitioner as being involved in the shooting of Andre Moore.[2] Hill recanted his statement

---

[2] Hill, in his statement to the police on July 21, 1991, directly linked the petitioner to the shooting:

"Q. Okay. And when the shots were being fired, did you recognize the individuals that were hiding behind the bush?

"A. Yeh.

"Q. And who were they, sir?

"A. [The petitioner] and [Kevin Guess].

\* \* \*

"Q. And were both these individuals firing, sir?

"A. Yeh.

\* \* \*

"Q. And while you were running, were shots being fired at both you and Andre Moore?

"A. Yeh.

"Q. And do you know if Andre Moore was hit?

"A. Yeh . . . .

"Q. And did you happen to see who was firing at that time, sir?

"A. Yeh.

"Q. Who, sir?

"A. Pudacakes.

"Q. Pudacakes, is that [the petitioner]; is that correct?

"A. Yeah.

at trial, and his prior statements to the police were introduced. Because prior written inconsistent statements may be used at trial as substantive evidence; *State* v. *Whelan*, 200 Conn. 743, 752, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986); there was enough evidence, regardless of the admission of the photograph, on which the jury could base a finding of guilt.

The petitioner further argues that he was denied a reversal of the judgment on appeal because trial counsel had failed to object to the admission of the photograph. The petitioner's unpreserved claim was not reviewed on appeal because it was considered an induced error under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as defense counsel withdrew his objection to the admission of the mug shot type photograph because he did not foresee any prejudice to the petitioner. See *State* v. *Edwards*, supra, 39 Conn. App. 251. The petitioner has failed to demonstrate that he would have been entitled to a reversal on appeal. See *State* v. *Marshall*, 3 Conn. App. 126, 131–32, 485 A.2d 930 (1985) (no reversible error where mug shot admitted into evidence without elimination of data pertaining to prior arrest, where defendant testified about prior arrest and court instructed jury to ignore prior arrest), appeal dismissed, 199 Conn. 244, 506 A.2d 1035 (1986).

After a thorough review of the transcripts, record and briefs, and having granted appropriate deference to the court's factual findings and credibility determinations, we conclude that the court properly found that the petitioner failed to prove that his counsel's performance prejudiced his defense. The court, therefore, properly determined that the petitioner had failed to satisfy his burden of establishing that trial counsel pro-

"Q. And was Kevin Guess firing also, sir?
"A. Yeh."

vided ineffective assistance and, as such, properly denied the petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.