ALBERTO NIEVES *v.* COMMISSIONER OF
CORRECTION
(AC 25814)

Lavery, C. J., and Schaller and Harper, Js.

Argued October 20—officially released December 6, 2005

*Auden Grogins*, special public defender, for the appellant (petitioner).

*Sarah Hanna*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Alberto Nieves, appeals from the judgment of the habeas court, denying his amended petition for a writ of habeas corpus in which he alleged that his trial counsel rendered ineffective assistance. We affirm the judgment of the court.

The facts of the underlying criminal case are set out in *State* v. *Nieves*, 69 Conn. App. 96, 793 A.2d 290, cert. denied, 260 Conn. 930, 798 A.2d 972 (2002), in which we affirmed the petitioner's conviction of murder in violation of General Statutes § 53a-54a and carrying a pistol without a permit in violation of General Statutes § 29-35 (a). Briefly, on June 28, 1996, the petitioner and four other men were involved in an altercation with the victim, David Laureano, whom the defendant fatally shot. When the police apprehended the petitioner, he shouted that he had not shot or killed anyone. Forensic tests revealed the presence of lead on the petitioner's hands. *State* v. *Nieves*, supra, 97–99.

"On appeal, we review a habeas court's findings of fact under the clearly erroneous standard of review . . . . [W]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the federal constitution, and by article first, § 8, of the constitution of Connecticut. In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . . A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice. . . .

"We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. . . . The habeas court judge, as the trier of the facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Citations omitted; internal quotation marks omitted.) *Edwards* v. *Commissioner of Correction*, 88 Conn. App. 169, 172–73, 868 A.2d 125, cert. denied, 273 Conn. 941, 875 A.2d 43 (2005).

The petitioner alleged that his trial counsel was ineffective because he failed to investigate a psychiatric defense fully, failed to notify the state of the psychiatric defense and failed to present a psychiatric defense on the petitioner's behalf to mitigate the charges against him. The petitioner claimed that he suffered from extreme emotional disturbance and that if such evidence had been presented at the criminal trial, the result

would have been different. The habeas court found that counsel was aware of the petitioner's history of psychiatric illness and that he had discussed the condition with several psychiatrists, some of whom had examined the petitioner. On the basis of his discussions with the psychiatrists and the state's evidence, counsel made a tactical decision not to present a psychiatric defense. Alleging a psychiatric defense would amount to an admission that the petitioner had shot the victim, and there was no good medical basis on which to assert the defense. Counsel, therefore, elected to attack the credibility of some of the state's witnesses. The court found that counsel had some success in impeaching the state's witnesses and concluded that the petitioner had failed to meet his burden under *Strickland* v. *Washington*, supra, 466 U.S. 688.

On the basis of our review of the record, including the court's memorandum of decision and the parties' briefs, we conclude that the court properly found that the petitioner was not denied the effective assistance of counsel, as he failed to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) Id., 690.

The judgment is affirmed.