STATE OF CONNECTICUT *v.* TONY E. GIBSON
(SC 16968)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued February 19—officially released July 6, 2004

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Cornelius P. Kelly*, senior assistant state's attorney, for the appellant (state).

*Joseph G. Bruckmann*, public defender, for the appellee (defendant).

*Opinion*

ZARELLA, J. The state appeals, following our grant of certification, from the judgment of the Appellate Court reversing the defendant's conviction of sexual assault in the second degree and risk of injury to a child in connection with the defendant's sexual abuse of J,[1] a daughter of the defendant's former fiancé. The state claims that the Appellate Court incorrectly concluded that the trial court's final instructions to the jury as to the time that the crimes were committed, in the absence of a limiting instruction regarding the use of prior uncharged misconduct evidence, were in violation of the defendant's constitutional right to be informed of the charges against him under the sixth amendment to

---

[1] In accordance with our policy of protecting the privacy interests of victims of sexual abuse, we decline to identify the victims or others through whom the victims' identities may be ascertained. See General Statutes § 54-86e.

the United States constitution.[2] We conclude that the defendant's unpreserved claim of a sixth amendment violation is one of induced error, and, therefore, the defendant is not entitled to review of his claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3] Accordingly we reverse in part the judgment of the Appellate Court.

The defendant, Tony E. Gibson, was charged in a five count information with five separate crimes involving C, J and I, three of the daughters of P, to whom the defendant had been engaged. With respect to C, who was eight years old when the crimes were committed,[4] the defendant was charged with sexual assault in the

---

[2] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ."

"We assume without deciding that an accused's sixth amendment right to notice of the charges against him is made applicable to the states through the due process clause of the fourteenth amendment. See, e.g., *State* v. *Scognamiglio*, 202 Conn. 18, 21, 519 A.2d 607 (1987) (referring to defendant's claim 'that he had no notice of the charges against him in violation of his rights under the sixth and fourteenth amendments to the United States constitution' . . . ); cf. *Cole* v. *Arkansas*, 333 U.S. 196, 201, 68 S. Ct. 514, 92 L. Ed. 644 (1948) (referring to right to notice of specific charges as one guaranteed under fourteenth amendment due process clause without reference to sixth amendment in context of appeal from state prosecution)." *State* v. *Tomlin*, 266 Conn. 608, 615 n.5, 835 A.2d 12 (2003). But cf. *State* v. *Romero*, 269 Conn. 481, 503 n.23, 849 A.2d 760 (2004).

The decision of the Appellate Court refers only to a sixth amendment violation under the federal constitution, and neither party refers in its brief to a violation of article first, § 8, of the constitution of Connecticut.

[3] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." *State* v. *Golding*, supra, 213 Conn. 239–40.

[4] According to the information, C was born on September 21, 1991.

first degree in violation of General Statutes (Rev. to 1999) § 53a-70 (a) (2)[5] and risk of injury to a child in violation of General Statutes (Rev. to 1999) § 53-21 (2).[6] With respect to J, who was thirteen years old when the crimes were committed,[7] the defendant was charged with sexual assault in the second degree in violation of General Statutes (Rev. to 1999) § 53a-71 (a) (1)[8] and risk of injury to a child in violation of § 53-21 (2). With respect to I, who was thirteen years old when the crimes were committed, the defendant was charged with threatening in violation of General Statutes (Rev. to 1999) § 53a-62 (a) (1).[9] The defendant was convicted of all five crimes and received a total effective sentence of twenty years imprisonment, execution suspended after sixteen years, and twenty-five years probation.

On appeal to the Appellate Court, the defendant made numerous claims of error.[10] Thereafter, the Appellate

---

[5] General Statutes (Rev. to 1999) § 53a-70 provides in relevant part: "(a) A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

[6] General Statutes (Rev. to 1999) § 53-21 provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of a class C felony."

All references throughout this opinion to § 53-21 are to the 1999 revision unless otherwise stated.

[7] According to the information, J was born on April 5, 1987.

[8] General Statutes (Rev. to 1999) § 53a-71 provides in relevant part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) Such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person . . . ."

[9] General Statutes (Rev. to 1999) § 53a-62 provides in relevant part: "(a) A person is guilty of threatening when: (1) By physical threat, he intentionally places or attempts to place another person in fear of imminent serious physical injury . . . ."

[10] The defendant claimed, regarding the four counts involving sexual assault and risk of injury to a child, that the trial court improperly had (1)

Court affirmed the judgment of conviction as to the counts involving C and I and reversed the judgment of conviction as to the counts involving J and ordered a new trial.[11] This certified appeal followed.

The following facts are set forth in the opinion of the Appellate Court. "The defendant occasionally stayed overnight at the family home of [P] the mother of the three victims of the crimes with which the defendant was accused. On the evening in question, P and her daughter C were sleeping in the same bed. During the night, the defendant woke C by touching her. The defendant pulled down her pants and underpants, and put his fingers inside of her vagina. He then pulled up her pants and underpants, and told her not to tell anyone. When P awoke in the morning, the defendant also was in the bed. P did not know when the defendant had arrived during the night and was not aware that anything had happened between the defendant and C.

"Later that same morning, after her mother had left, J was in her room when the defendant called her into her mother's bedroom. The defendant told [J] to sit on the bed, which she did. He then removed her pants and pulled her underpants down to her knees. He inserted his penis into her vagina. She was on her back and he

admitted prior uncharged sexual misconduct evidence, (2) denied his motion for a mistrial, and (3) in the case of J, instructed the jury as to the time that the crimes were committed in the absence of a limiting instruction regarding the prior uncharged misconduct evidence. *State* v. *Gibson*, 75 Conn. App. 103, 105–106, 815 A.2d 172 (2003). The defendant also claimed that the trial court had imposed a sentence for sexual assault in the first degree as to C that was constitutionally improper and that the evidence was insufficient to support his conviction of threatening. Id., 106.

[11] The charges of sexual assault in the first degree and risk of injury to a child in connection with the defendant's abuse of C were contained in counts one and two, respectively, of the state's information. The charges of sexual assault in the second degree and risk of injury to a child in connection with the defendant's abuse of J were contained in counts three and four, respectively, of the state's information. The charge of threatening involving I was contained in count five of the state's information.

was on top of her, moving back and forth. I . . . saw J lying on her back with her legs spread and the defendant on top of her, moving back and forth. J had on a top, but no pants or underpants, and the defendant was wearing only a shirt. I went to a fourth sister's room and told her what she had just seen. . . .

* * *

"The information alleged that all of the crimes took place during the 'early morning hours' or the 'morning hours' of August 7, 2000. Over the objection of the defendant, J testified that on more than one occasion prior to August 7, 2000, at her home, when her mother was not there, the defendant engaged in sexual intercourse with her. The state acknowledges that those occasions occurred one or two years prior to August 7, 2000. On some of the occasions, the defendant had given [J] money afterward, with which she bought candy.

"The state sought the admission of the prior acts . . . to [prove a] common scheme and motive, and the testimony was admitted by the court 'for purposes of showing a common design and limited to that.'[12] Before

[12] In its offer of proof, the state's attorney represented to the court that J could not testify as to the exact dates of the prior offenses, but that, in his estimation, the assaults had taken place one or two years prior to the charged misconduct. Defense counsel claimed surprise and that the defendant should have been notified in writing of the dates, times and places of the prior misconduct so that he would have had an adequate opportunity to investigate and to respond. The state's attorney acknowledged that he had not filed a written motion, but explained that he had informed defense counsel orally of the prior misconduct evidence and had told counsel that, instead of proceeding with charges on the prior offenses, he would seek to offer the evidence as prior acts of misconduct in the defendant's case. Defense counsel objected to the admission of the uncharged misconduct evidence, arguing that "obviously, it's extremely prejudicial to the defendant if some alleged bad acts from [the] past, [the] date, time and place of which we're not certain . . . come in. The times . . . would be too uncertain. It would be impossible for the defense to adequately respond in the form of . . . [an] alibi, for instance, that my client might not have been in that place at that particular time, or that he might have been with other persons who

[J] testified . . . the court stated [outside of the presence of the jury] that it would admit her testimony but that '[it would] give some cautionary instructions to the jury' as to the proper use of the testimony. The day after the testimony, not having yet given such instructions, the court again stated that it would give such an instruction to tell the jury that the testimony was offered for the purpose of showing 'a common design and limited to that.'[13] Later that same day, the court asked the defendant if he wanted such an instruction and [defense counsel] answered: 'It's the position of the defense that the prejudicial impact of [the testimony] so outweighs the probative value . . . that the defense feels no amount of cautionary instructions would help.' Defense counsel then requested a mistrial, which the court denied. The court then stated: 'I'm not going to give an instruction, then. [The defendant] has . . . requested that I not do so, all right? All right.' The court also stated that it might 'address [the issue]' during the course 'of the charge to the jury.'

"The court gave no instruction during the trial, or in its final instruction[s] to the jury, as to the proper use of the evidence of the prior uncharged misconduct,

could provide him with an alibi. . . . Defense feels that even if they were disclosed to the court in writing . . . unnamed dates, times and places would certainly not pass muster for giving the defense proper notice [so] that [it] could adequately prepare alibi and [other] possible defenses to the various claims." The court overruled defense counsel's objection.

[13] The court explained: "I did say yesterday that when there was testimony of the sexual assault, that I allowed testimony by the alleged victim to the effect that this type of conduct had occurred prior thereto and I allowed that testimony over objection. And I wanted to make a finding that the prejudicial impact was clearly outweighed by its probative value. I suggested, at that time, that I would make some type of a cautionary instruction to the jury and I'm prepared to do that some time this afternoon . . . . And I would just say that it was offered for purposes of showing a common design and limited to that. However, *if you do not want me to make that instruction, I'll let you think about it. You think about how you want to handle that.*" (Emphasis added.)

which had occurred one or two years before August 7, 2000." *State* v. *Gibson*, 75 Conn. App. 103, 106–109, 815 A.2d 172 (2003).

In its final instructions, however, the court advised the jury as to the element of time: "The state has alleged that the defendant committed these crimes at a certain time. It is not essential in a criminal prosecution . . . that a crime be proved to have been committed at a precise time alleged. It is sufficient for the state to prove the commission of the crime at any . . . time prior to the date of the complaint within the statute of limitations. Time is not an essential element of the offense." The defendant did not take exception to any portion of the charge or file a written request to charge, pursuant to Practice Book § 42-16, seeking a limiting instruction as to the use of the prior uncharged misconduct evidence.

During its deliberations, the jury sent a note to the court asking when the defendant had committed the first of the several acts of prior uncharged misconduct[14]

---

[14] After an evident break in the recording, the following colloquy was recorded:

"The Court: The testimony was prior to the date in question. Is that correct?

"[Assistant State's Attorney]: Well, she said—well that was the—that was the offer of proof of—

"The Court: Right.

"[Assistant State's Attorney]:—uncharged misconduct that occurred before that date.

"The Court: Correct. So it wasn't—there hasn't been anything since then—since the date of this offense?

"[Assistant State's Attorney]: Obviously—

"The Court: Obviously.

"[Assistant State's Attorney]: The incidents occurred prior to August [7] but she could—

"The Court: Why don't we just tell them that?

"[Assistant State's Attorney]: Is that—

"The Court: And if they want something replayed, I'll be happy to do it, okay?

"[Assistant State's Attorney]: Yeah, as best [as] we can put that together because [the witness] doesn't say anything.

"The Court: Okay. Why don't you bring them back in for that? Mark this an exhibit when I get through with it, okay?"

described by J. The court responded that there had been no testimony regarding when the prior acts had taken place other than that they had occurred before August 7, 2000. The jury then completed its deliberations and returned a verdict of guilty on all five counts.

On appeal to the Appellate Court, the defendant claimed, as to the second degree sexual assault and risk of injury charges involving J, that the omission of a limiting instruction, when combined with the nonspecific language of the trial court's instruction as to the time that the crimes were committed, compromised his right under the sixth amendment to the United States constitution to be informed of the nature and cause of the charges against him[15] and his fourteenth amendment due process right to a unanimous verdict. With respect to the defendant's conviction of second degree sexual assault, the Appellate Court determined that the defendant's claim raised a sixth amendment issue that warranted review under *Golding. State* v. *Gibson*, supra, 75 Conn. App. 118. After further determining that the instruction regarding the time that the crimes were committed "obviated the state's need to prove that the crime was committed on or about" the date of the crime alleged in the information; id., 119; the Appellate Court concluded that "[t]he lack of a limiting instruction was exacerbated by the instruction of the court that the defendant could be found guilty without any need for

The jury then was summoned.

"The Court: Okay. With respect to your question, I've talked to both of the attorneys in this matter and whatever [the witness] said with respect to prior acts occurred, obviously from the evidence, prior to the date of August [7, 2000], all right? And the question, how old was she at—the first time? There was no testimony with respect to that. If you, during the course of your proceedings, need anything read back, we'll try and dig it out for you—we will dig it out for you on that. Try, though—what I think I'd like to have you do is work as much as you can without that, and then if you need things, so, that you're not . . . coming back in and out, although you can do that—whatever you want."

[15] See footnote 2 of this opinion.

the state to prove the commission of the crime at the precise time alleged and that it was sufficient for the state to prove the commission of the crime . . . at any time prior to the date of the complaint . . . . The combination almost surely guarantee[d] a verdict of guilt . . . because the uncharged misconduct evidence was likely used by the jury for the substantive purpose of proving the charged crime . . . ." (Citation omitted; internal quotation marks omitted.) Id., 120.

The Appellate Court reached a similar conclusion with respect to the defendant's risk of injury conviction in connection with his abuse of J: "The evidence of that misconduct, in combination with the lack of a limiting instruction prohibiting its use by the jury to conclude that the defendant had committed the crime of risk of injury to a child as to J, as charged, and the instruction that the particular time the charged crime was committed was not an essential element of the offense, lead us to conclude that the defendant is entitled to a new trial on the fourth count of the information, as well as on the third count." Id., 121. Accordingly, the Appellate Court reversed the defendant's convictions of second degree sexual assault and risk of injury to a child with respect to J on sixth amendment grounds and ordered a new trial on those counts. Id., 133.

The state appealed from the judgment of the Appellate Court to this court and we granted certification limited to the following issue: "Did the Appellate Court properly conclude that the convictions [of second degree sexual assault and risk of injury to a child with respect to J] must be set aside on the grounds of constitutional error in the court's jury instructions?"[16] *State* v. *Gibson*, 263 Conn. 906, 819 A.2d 840 (2003). In its

---

[16] We denied the defendant's separate petition for certification to appeal from the judgment of the Appellate Court. *State* v. *Gibson*, 263 Conn. 906, 819 A.2d 839 (2003).

brief to this court, the state discussed the issue on appeal as a sixth amendment violation, which the Appellate Court had identified as the basis for its reversal. The defendant discussed the issue both as a sixth amendment violation of his right to be informed of the charges against him and a violation of his due process right to a unanimous verdict, as he had done in his appeal to the Appellate Court.

During oral argument, we raised the issue of whether the lack of a limiting instruction could be construed as induced error on the part of the defendant that would defeat his constitutional claim. The defendant responded that the claim of a constitutional violation was not based solely on the lack of a limiting instruction but on the fatal combination of the absence of such an instruction and the court's instruction to the jury as to the element of time, which permitted the jury to use the prior uncharged misconduct evidence as a basis for his conviction. We conclude that, even if the trial court's failure to give a limiting instruction as to the prior uncharged misconduct evidence was error, such error was induced by the defendant. We therefore reverse that part of the judgment of the Appellate Court reversing the defendant's conviction of second degree sexual assault and risk of injury to a child with respect to J.

Because the defendant's claim presents an issue of law, our review is plenary. E.g., *State* v. *Butler*, 262 Conn. 167, 174, 810 A.2d 791 (2002). The term "induced error," or "invited error," has been defined as "[a]n error that a party cannot complain of on appeal because the party, through conduct, encouraged or prompted the trial court to make the erroneous ruling." Black's Law Dictionary (7th Ed. 1999) p. 563; cf. *State* v. *Cruz*, 269 Conn. 97, 105, 848 A.2d 445 (2004). "It is well established that a party who induces an error cannot be heard to later complain about that error. See, e.g., *State*

v. *Walton*, 227 Conn. 32, 67, 630 A.2d 990 (1933) (no review is warranted because [the defendant] induced the error); *State* v. *Hinckley*, 198 Conn. 77, 81 n.2, 502 A.2d 388 (1985) ([w]e have held that error induced by an appellant cannot be a ground for reversal and will not be reviewed); *State* v. *Ross*, 189 Conn. 42, 47, 454 A.2d 266 (1983) ([a]n appellant cannot ordinarily claim error in the action of the trial court which he has induced); *State* v. *Edwards*, [39 Conn. App. 242, 251, 665 A.2d 611] ([a]ctions that are induced by a party ordinarily cannot be grounds for error) [cert. denied, 235 Conn. 924, 925, 666 A.2d 1186, 1187 (1995)]." (Internal quotation marks omitted.) *State* v. *Cruz*, supra, 105. Only when the unpreserved claim of induced error is of constitutional magnitude have we permitted review pursuant to *Golding*. See *State* v. *Whipper*, 258 Conn. 229, 295 n.31, 780 A.2d 53 (2001).

In our recent decision in *State* v. *Cruz*, supra, 269 Conn. 106, however, we overruled the principle that review of induced error is permissible under *Golding*. The defendant in *Cruz* contended that "the Appellate Court improperly concluded that he could not prevail on the merits of his unpreserved claim that a jury instruction on self-defense, which he had requested, was constitutionally infirm under [*Golding*]." Id., 98. We disagreed and determined that *Golding* cannot be used to evaluate unpreserved claims of induced error because "[t]o allow [a] defendant to seek reversal [after] . . . his trial strategy has failed would amount to allowing him to induce potentially harmful error, and then ambush the state [and the trial court] with that claim on appeal." (Internal quotation marks omitted.) Id., 106.

The defendant in the present case, like the defendant in *Cruz*, induced the unpreserved error of which he now complains. During the proceedings, the court queried the defendant as to whether he wanted a limiting

instruction pertaining to the uncharged misconduct evidence, and the defendant did not respond in the affirmative despite having objected to the admission of the evidence because it was "extremely prejudicial." In fact, when the trial court asked the defendant if he wanted a limiting instruction, the defendant replied that "no amount of cautionary instructions would help." Thereafter, when the court denied the defendant's motion for a mistrial, the defendant did not disabuse the court of its understanding, stated on the record, that the defendant had requested that the court not give any limiting instructions. Furthermore, the defendant did not file a written request to charge pursuant to Practice Book § 42-16,[17] and did not object to the jury charge for lack of a limiting instruction. Finally, when the defendant was informed that the jury had sent a note to the court asking when the defendant had committed the first act of uncharged misconduct, the defendant again failed to seek a limiting instruction as to the proper use of that evidence. We therefore conclude that any error stemming from the trial court's failure to give a limiting instruction on the uncharged misconduct evidence was induced because the defendant encouraged or prompted the court to refrain from giving such an instruction despite the court's attempts to elicit from the defendant his permission to do so. See *State* v. *Cruz*, supra, 269 Conn. 105. Consequently, the defendant may not cite the absence of a limiting instruction as a basis for the reversal of his conviction of second degree sexual assault and risk of injury to a child with respect to J.[18]

---

[17] Practice Book § 42-16 provides: "An appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of exception. The exception shall be taken out of the hearing of the jury."

[18] Inasmuch as the defendant contends that it was the *combination* of the omission of a limiting instruction and the court's instruction to the jury as to the element of time that resulted in the alleged violation of

The judgment of the Appellate Court is reversed insofar as it reverses the trial court's judgment of conviction on counts three and four of the information[19] and the case is remanded to the Appellate Court with direction to render judgment affirming the trial court's judgment.

In this opinion the other justices concurred.

---

his constitutional rights, we need not address the propriety of the court's instruction regarding the element of time in light of our conclusion that any error associated with the trial court's omission of a limiting instruction was induced by the defendant.

[19] See footnote 11 of this opinion.