******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DENIS HICKEY *v.* COMMISSIONER OF CORRECTION
(AC 37045)

Lavine, Alvord and Mihalakos, Js.

*Argued October 14, 2015—officially released January 26, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Mullins, J.)

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, were *David S. Shepack*, state's attorney, and *Erika L. Brookman*, assistant state's attorney, for the appellant (respondent).

*Alan Jay Black*, for the appellee (petitioner).

*Opinion*

LAVINE, J. The respondent, the Commissioner of Correction, appeals after the habeas court granted his petition for certification to appeal from the court's judgment granting the amended petition for a writ of habeas corpus filed by the petitioner, Denis Hickey. On appeal the respondent claims, in part, that the habeas court improperly determined that the petitioner was prejudiced by the legal representation provided him by trial and appellate counsel. We agree and, therefore, reverse the judgment of the habeas court.

The following procedural history underlies the present appeal. In June, 2009, the petitioner was convicted of one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). See *State* v. *Hickey*, 135 Conn. App. 532, 534, 43 A.3d 701, cert. denied, 306 Conn. 901, 52 A.3d 728 (2012). At trial, the jury reasonably could have found that the petitioner digitally penetrated the anus of his then girlfriend's five year old daughter (victim) while she and her family were living with the petitioner.[1] Id., 535. The petitioner was sentenced to a term of thirty years in the custody of the respondent, execution suspended after twenty years, and thirty-five years of probation. Id., 536.

On August 9, 2011, the self-represented petitioner filed a petition for a writ of habeas corpus, alleging that he received the ineffective assistance of trial counsel, who failed to call a witness to testify on his behalf. After this court affirmed the petitioner's conviction, on August 12, 2013, appointed counsel for the petitioner filed an amended petition for a writ of habeas corpus, alleging the ineffective assistance of trial and appellate counsel.[2] The habeas court tried the case in December, 2013, and issued its memorandum of decision on July 1, 2014. The habeas court granted the amended petition on the ground that the petitioner's constitutional right to the effective assistance of trial and appellate counsel had been violated. On July 16, 2014, the habeas court granted the respondent's petition for certification to appeal.[3] The respondent appealed.

The standard of review regarding a claim of ineffective assistance of trial and appellate counsel is well-known. "Although the underlying historical facts found by the habeas court may not be disturbed unless they are clearly erroneous, whether those facts constituted a violation of the petitioner's rights under the sixth amendment is a mixed determination of law and fact that requires the application of legal principles to the historical facts of this case. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"A criminal defendant is constitutionally entitled to

adequate and effective assistance of counsel at all critical stages of criminal proceedings. *Strickland* v. *Washington*, [466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . It is axiomatic that the right to counsel is the right to the effective assistance of counsel." (Citation omitted; internal quotation marks omitted.) *Thiersaint* v. *Commissioner of Correction*, 316 Conn. 89, 100–101, 111 A.3d 829 (2015).

The petitioner's allegations of ineffective assistance of counsel center on trial counsel's failure to ask the trial court to give a cautionary instruction to the jury at the time evidence of the petitioner's alleged prior, uncharged sexual misconduct was admitted into evidence and to file a request to charge consistent with *State* v. *DeJesus*, 288 Conn. 418, 476, 953 A.2d 45 (2008) (en banc). The petitioner claims his appellate counsel provided ineffective assistance by failing to raise the unpreserved instructional error on appeal. To provide the legal context for those allegations, we briefly review the law regarding the admission of prior, uncharged sexual misconduct evidence established by our Supreme Court in *DeJesus*.

In *DeJesus*, our Supreme Court was called upon to determine whether it had "the authority to reconsider the liberal standard for the admission of uncharged sexual misconduct evidence in sexual assault cases despite the adoption of the code by the judges of the Superior Court codifying the common-law rules of evidence."[4] Id., 439. In that case, the defendant "claim[ed] that the liberal standard of admission [of uncharged sexual misconduct evidence] should be overruled because it is inadequate to demonstrate the existence of a genuine plan in the defendant's mind, and crimes of a sexual nature are neither more secretive, aberrant nor pathological than crimes of a nonsexual nature. . . . [Our Supreme Court agreed] with [the defendant] that, in light of [its] recent clarification of the nature and scope of the common scheme or plan exception . . . evidence of uncharged misconduct admitted under the liberal standard ordinarily does not reflect the existence of a genuine plan in the defendant's mind. Nonetheless, given the highly secretive, aberrant and frequently compulsive nature of sex crimes, [it concluded] that the admission of uncharged misconduct evidence under the liberal standard is warranted and, therefore, [it adopted] this standard as a limited exception to § 4-5 (a) of the [Connecticut Code of Evidence], which prohibits the admission of [e]vidence of other crimes, wrongs or acts of a person . . . to prove the bad character or criminal tendencies of that person." (Citation omitted; internal quotation marks omitted.) Id., 439–40.

Our Supreme Court held that "evidence of uncharged sexual misconduct properly may be admitted in sex crime cases to establish that the defendant had a tendency or a propensity to engage in aberrant and compulsive criminal sexual behavior if: (1) the trial court finds that such evidence is relevant to the charged crime in that it is not too remote in time, is similar to the offense charged and is committed upon persons similar to the prosecuting witness; and (2) the trial court concludes that the probative value of such evidence outweighs its prejudicial effect. . . . [P]rior to admitting evidence of uncharged sexual misconduct under the propensity exception . . . the trial court must provide the jury with an appropriate cautionary instruction regarding the proper use of such evidence."[5] Id., 476–77.

We now turn to the relevant facts from the petitioner's criminal trial. Prior to trial, the state gave notice that it would present evidence of the petitioner's prior, uncharged sexual misconduct through the testimony of R.N., a cousin of the petitioner's former wife. Defense counsel filed a motion in limine with respect to R.N.'s proffered testimony,[6] arguing that the difference in age between the victim and R.N. was too great for them to be similar, that their relationships with the petitioner were dissimilar, and that the events were not proximate in time. *State* v. *Hickey*, supra, 135 Conn. App. 544–45. After analyzing the proffer under the *DeJesus* three prong test; see *State* v. *DeJesus*, supra, 288 Conn. 441; the trial court ruled that the state could present R.N.'s proffered testimony.[7] *State* v. *Hickey*, supra, 545. At the time R.N. testified in accordance with the proffer, the court did not provide a cautionary instruction to the jury.

Prior to the conclusion of evidence, trial counsel submitted a request to charge that included a charge on prior, uncharged misconduct. The petitioner's request to charge stated in relevant part: "You have also heard testimony in this case about what is called uncharged misconduct. In criminal cases which contain charges such as those in this trial, evidence of a defendant's commission of another offense or offenses may be admissible and may be considered for its bearing on any matter to which it is relevant. However, evidence of a prior offense on its own is not sufficient to prove [the defendant] guilty of the crimes charged in this trial. Bear in mind as you consider this evidence that at all times the state has the burden of proving beyond a reasonable doubt that [the defendant] committed each of the elements of the offenses charged in this trial. I remind you that [the defendant] is not on trial for any act, conduct or offense not charged in the information for this case."[8]

The trial court charged the jury with respect to prior, uncharged sexual conduct as follows. "In a criminal case in which the defendant is charged with a crime

exhibiting aberrant and compulsive criminal sexual behavior, evidence of the defendant's commission of another offense or offenses is admissible and may be considered for its bearing on any matters to which it is relevant. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of the crime—crimes charged in the information. Bear in mind, as you consider this evidence that at all times, the state has the burden of proving that the defendant committed each of the elements of the offense charged in the information. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the information."[9]

Following his conviction, the petitioner appealed claiming, in part, that the trial court abused its discretion by admitting evidence of his prior, uncharged sexual misconduct involving another minor. *State* v. *Hickey*, supra, 135 Conn. App. 542. The petitioner argued that the ages of the victim and R.N. were not similar and the time of the alleged misconduct involving R.N. and the manner in which it occurred were not similar to the petitioner's sexual assault on the victim. See id., 543. This court concluded, after distinguishing the cases cited by the petitioner in his brief, that the trial court did not abuse its discretion by admitting R.N.'s testimony under *DeJesus*. Id., 548. On direct appeal, the petitioner did not claim that the trial court improperly instructed the jury with respect to prior, uncharged misconduct.

In a concurring opinion, Justice McDonald, sitting as a judge trial referee on this court, opined that the "uncharged misconduct testimony and jury instructions gave rise to unfair prejudice, which, being unpreserved, as no exception was taken on these grounds and not the subject of review on appeal or under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), or plain error claims by the defendant, cannot be reviewed in this appeal." *State* v. *Hickey*, supra, 135 Conn. App. 558–59 (*F. McDonald, J.*, concurring). Justice McDonald further stated that in *DeJesus*, "our Supreme Court set forth the conditions for admission into evidence of uncharged propensity evidence. To minimize the risk of undue prejudice, its admission must be 'accompanied' by an appropriate cautionary instruction to the jury . . . ." Id., 559. An appropriate cautionary instruction expressly prohibits "the jury from using such evidence as evidence of the bad character of the defendant, or as evidence of a tendency to commit criminal acts in general, or as proof that he committed the acts charged in that case." Id., 560. Justice McDonald found that the record of the petitioner's criminal trial disclosed that the trial court did not give a cautionary instruction concerning the use of prior, uncharged sexual misconduct evidence when R.N. testified. Id., 561. The trial court gave an instruction on uncharged misconduct "after the evidence was closed and before the

case went to the jury." Id.

Justice McDonald disagreed with the state's argument that the admission of the uncharged misconduct evidence was harmless in light of the other evidence against the petitioner and the jury instruction given by the trial court. Id., 563. He stated that "*DeJesus* clearly and repeatedly set forth the timing and requirements of a cautionary instruction. Here, the unfair prejudice was not minimized but any review must await, because of defense counsel's actions, review by habeas corpus if undertaken for ineffective assistance of counsel." Id. Thereafter, the petitioner filed a petition for certification to appeal, which was denied by our Supreme Court. *State* v. *Hickey*, 306 Conn. 901, 52 A.3d 728 (2012).

After the petitioner's conviction was affirmed, the petitioner's appointed habeas counsel amended the habeas petition the petitioner filed in 2011, to allege, in relevant part, that trial counsel rendered deficient performance by "fail[ing] to ask the trial judge to instruct the jury concerning prior bad acts and the uses a jury could make of them immediately after the evidence was introduced"; "fail[ing] to object to an inadequate jury instruction concerning evidence of prior uncharged conduct introduced at trial"; and "fail[ing] to posit an adequate jury instruction that would limit the use of the evidence to the issue of propensity and one that would instruct the jury on the uses of bad character as a tendency to commit criminal acts in general." The amended petition also alleged, in relevant part, that appellate counsel rendered ineffective assistance by failing to "raise the deficient jury instruction on appeal . . . ."

In its memorandum of decision, the habeas court made the following relevant factual findings and legal conclusions. With respect to the petitioner's trial counsel, the court found that he filed a motion in limine to preclude R.N.'s testimony, which was denied by the trial court. During trial, however, trial counsel did not ask the court to provide a cautionary instruction to the jury immediately prior to or after R.N. testified about the petitioner's prior, uncharged sexual misconduct. Moreover, the habeas court found that trial counsel's request to charge as to prior, uncharged sexual misconduct did not limit the use of such evidence to the issue of propensity. The habeas court found that the only instruction the trial court gave the jury with respect to the uncharged misconduct came after the close of evidence and before the case went to the jury, and that the instruction "did not limit the use of the evidence to the issue of propensity." The habeas court concluded that trial counsel's failure to request the appropriate cautionary jury instruction at the proper times constituted deficient performance.

The habeas court also found that the petitioner had satisfied his burden of demonstrating prejudice because

"there is a reasonable probability that the outcome of the proceedings would have been different had it not been for [trial counsel's] deficient performance." The habeas court quoted the summary of R.N.'s testimony as set forth in the concurring opinion of *State* v. *Hickey*, supra, 135 Conn. App. 559, but it did not refer to other evidence presented at the petitioner's criminal trial. Rather, the habeas court concluded that in *DeJesus*, our Supreme Court "stressed that it was adopting 'a *limited* exception to the prohibition on the admission of uncharged misconduct evidence in sexual assault cases to prove that the defendant had a propensity to engage in aberrant and compulsive criminal sexual behavior'; *State* v. *DeJesus*, supra, [288 Conn.] 422; and '*to minimize the risk* of undue prejudice to the defendant, the admission of evidence of uncharged sexual misconduct under the limited propensity exception adopted herein must be accompanied by an appropriate cautionary instruction to the jury.' . . . Id., 474." (Emphasis altered.) The habeas court stated that "while the court's instruction in the petitioner's case was based on language from *DeJesus*, it did not follow all of the timing and content requirements of a cautionary instruction repeatedly set forth by the *DeJesus* court. Given the impact this uncharged sexual misconduct evidence *likely had* in the petitioner's case, the court finds that there is a reasonable probability that the outcome of the proceedings would have been different had it not been for [trial counsel's] deficient performance." (Emphasis added.) The court, therefore, granted the petition for a writ of habeas corpus on the ground of ineffective assistance of trial counsel.

The habeas court also found that the petitioner's appellate counsel rendered ineffective assistance "in failing to challenge the trial court's jury instruction concerning uncharged sexual misconduct." The habeas court concluded that appellate counsel's failure to include a claim of improper jury instruction on appeal constituted deficient performance and that the petitioner was prejudiced thereby. In coming to that conclusion, the habeas court cited Justice McDonald's concurring opinion in the petitioner's direct appeal.[10] The habeas court stated that the petitioner's claims as to his appellate counsel must also be granted.

On the basis of having found that both the petitioner's trial and appellate counsel rendered ineffective assistance that was prejudicial, the habeas court granted the amended petition for a writ of habeas corpus. Thereafter, the habeas court granted the respondent's petition for certification to appeal. The respondent appealed.

On appeal, the respondent claims that the habeas court improperly found that (1) trial counsel rendered ineffective assistance because (a) the petitioner did not establish that trial counsel did not have a reasonable strategic reason for not requesting a limiting instruction

at the time of R.N.'s testimony, (b) the trial court's instruction was consistent with *DeJesus* and counsel reasonably could have chosen not to request that the instruction limit the use of the evidence to propensity, and (c) any deficiency did not prejudice the petitioner; and (2) appellate counsel rendered ineffective assistance because (a) he reasonably could have chosen not to raise an unpreserved challenge to a jury instruction that adhered to *DeJesus* and the model charge, and (b) any deficiency of appellate counsel did not prejudice the petitioner. We agree with the respondent that the habeas court improperly concluded that the petitioner suffered prejudice due to the allegedly deficient performance of his trial and appellate counsel.[11]

Claims of ineffective assistance of counsel are governed by the two pronged test set forth in *Strickland* v. *Washington*, supra, 466 U.S. 687. "Under *Strickland*, the petitioner has the burden of demonstrating that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Internal quotation marks omitted.) *Thiersaint* v. *Commissioner of Correction*, supra, 316 Conn. 101.

"With respect to the prejudice component of the *Strickland* test, the petitioner must demonstrate that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. . . . It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings. . . . Rather, [t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. . . . When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." (Internal quotation marks omitted.) *White* v. *Commissioner of Correction*, 145 Conn. App. 834, 841–42, 77 A.3d 832, cert. denied, 310 Conn. 947, 80 A.3d 906 (2013).

In the present case, the habeas court concluded that trial and appellate counsel rendered ineffective assistance that was prejudicial to the petitioner. In reaching its conclusion that the petitioner suffered prejudice, however, the habeas court neglected to substantiate its conclusions with a factual analysis of how the trial court's failure to give a cautionary instruction at the time R.N. testified and to give a propensity instruction at the close of evidence misled the jury, or resulted in an unfair trial or reasonable doubt as to the petitioner's

guilt. "[T]o determine whether a habeas petitioner had a reasonable probability of prevailing on appeal, a reviewing court necessarily analyzes the merits of the underlying claimed error in accordance with the appropriate appellate standard for measuring harm. See, e.g., *Turner* v. *Duncan*, [158 F.3d 449, 459 (9th Cir. 1998)] (assessing likelihood that claim of improper instruction would have been successful if raised on appeal by appellate counsel) . . . ." (Citations omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707, 722, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008).

"A court hearing an ineffectiveness claim *must consider the totality of the evidence before the judge or jury. . . . [A] court making the prejudice inquiry must ask if the [petitioner] has met the burden of showing that the decision reached would reasonably likely have been different absent the errors*." (Emphasis added; internal quotation marks omitted.) *Woods* v. *Commissioner of Correction*, 85 Conn. App. 544, 550, 857 A.2d 986, cert. denied, 272 Conn. 903, 863 A.2d 696 (2004). "Only those habeas petitioners who can prove under *Strickland* . . . that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ . . . ." *Kimmelman* v. *Morrison*, 477 U.S. 365, 382, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). Here, the habeas court concluded that the trial court's failure to give a propensity charge *likely* caused the petitioner prejudice, but in reaching that conclusion, the court did not assess the charge in the context of the state's evidence or the final arguments of counsel. Nor did it assess how the trial court's failure to give a cautionary charge when R.N. testified likely caused prejudice to the petitioner in view of the other evidence in the case.

"The standard of review for claims of instructional impropriety is well established. [I]ndividual jury instructions should not be judged in artificial isolation, but must be viewed in the context of the overall charge. . . . The pertinent test is whether the charge, read in its entirety, fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Thus, [t]he whole charge must be considered from the standpoint of its effect on the [jurors] in guiding them to the proper verdict . . . and not critically dissected in a microscopic search for possible error." (Internal quotation marks omitted.) *State* v. *Wallace*, 290 Conn. 261, 272, 962 A.2d 781 (2009). When considering whether the court's jury instructions misled the jury, a reviewing court must examine the charge given in the context of the evidence presented at trial. See *Buchanan* v. *Angelone*, 522 U.S. 269, 277–79, 118 S. Ct. 757, 139 L. Ed. 2d 702 (1998); *State* v. *Santiago*, 305 Conn. 101, 265–66, 49 A.3d 566 (2012). "[A]n [impropriety] in instructions in a criminal case is reversible [impropri-

ety] when it is shown that it is reasonably possible for [improprieties] of constitutional dimension or reasonably probable for nonconstitutional [improprieties] that the jury [was] misled." (Internal quotation marks omitted.) *State* v. *Cutler*, 293 Conn. 303, 317, 977 A.2d 209 (2009).

The habeas court failed to analyze the trial court's charge with respect to prior, uncharged misconduct and to explain how its use prejudiced the petitioner. The charge given by the trial court conformed to the example provided by our Supreme Court in *State* v. *DeJesus*, supra, 288 Conn. 474 n.36, and the charge the trial court found on the judicial branch website.[12] The habeas court made no finding that the jury was misled or that the jury failed to follow the instruction provided by the trial court.[13]

Moreover, our Supreme Court has instructed that the trial court is to give a cautionary instruction regarding prior, uncharged sexual misconduct at the time of the testimony to reduce the risk of undue prejudice. In the present case, the trial court did not give the cautionary instruction and the petitioner's trial counsel did not bring the omission to the attention of the trial court. In concluding that the petitioner was prejudiced by the performance of his trial counsel, the habeas court did not assess the risk of undue prejudice posed by R.N.'s testimony, particularly in the face of the medical testimony that substantiated the victim's sexual abuse. The habeas court merely assumed that R.N.'s testimony likely prejudiced the petitioner. Also, the habeas court failed to assess how the petitioner was prejudiced by the trial court's failure to give a cautionary instruction at the time the prior, uncharged misconduct was admitted. The habeas court failed to analyze trial counsel's deficient performance in the context of the entire trial, including the evidence and arguments of counsel. Due to the habeas court's failure to perform the required analysis, it improperly concluded that trial counsel's deficient performance prejudiced the petitioner.

As to the habeas court's conclusion that appellate counsel's deficient performance resulted in prejudice, the habeas court did not include an analysis of prejudice the petitioner sustained in its memorandum of decision. The court properly noted that for a petitioner to prevail on a claim of ineffective assistance of appellate counsel, "the petitioner must establish (1) that his appellate counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law, and (2) that this lack of competency contributed so significantly to the affirmance of his conviction as to have deprived him of a fair appeal, thus causing an unreliable conviction to stand. . . . *Tillman* v. *Commissioner of Correction*, 54 Conn. App. 749, 756, 738 A.2d 208, cert. denied, 251 Conn. 913, 739 A.2d 1250

(1999)." (Internal quotation marks omitted.)

"For claims of ineffective appellate counsel, the second prong considers whether there is a reasonable probability that, but for appellate counsel's failure to raise the issue on appeal, the petitioner would have prevailed in his direct appeal, i.e., reversal of his conviction or granting of a new trial." (Internal quotation marks omitted.) *Moore* v. *Commissioner of Correction*, 119 Conn. App. 530, 535, 988 A.2d 881, cert. denied, 296 Conn. 902, 991 A.2d 1103 (2010). In the present case, the habeas court should have explained why there is a reasonable probability that the petitioner would have prevailed in his direct appeal if appellate counsel had raised a claim related to the trial court's failure to give a cautionary instruction pursuant to *DeJesus*.

With respect to appellate counsel, the habeas court concluded that he rendered ineffective assistance because he had no strategic reason for not raising the timing or content of the jury charge. But counsel's failure to raise the claim is not determinative. As Justice McDonald noted in his concurrence in *State* v. *Hickey*, supra, 135 Conn. App 559, the claimed error in the jury instruction was not preserved at trial, and therefore could not be reviewed pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40, or the plain error doctrine. See Practice Book § 60-5. "[T]he failure of the trial court to give a limiting instruction concerning the use of evidence of prior misconduct is not a matter of constitutional magnitude." (Internal quotation marks omitted.) *State* v. *Ortiz*, 40 Conn. App. 374, 381, 671 A.2d 389, cert. denied, 236 Conn. 916, 673 A.2d 1144 (1996). If the instructional claims could not have been reviewed on direct appeal, ipso facto appellate counsel's failure to raise the claim could not have resulted in prejudice to the petitioner. A trial court's failure to give a limiting instruction concerning the use of evidence of prior misconduct is not a matter of constitutional magnitude; *State* v. *Lynch*, 123 Conn. App. 479, 499, 1 A.3d 1254 (2010); such claims therefore fail the second prong of *Golding*. Such an instructional claim also is not amenable to reversal under the plain error doctrine as it does not implicate the fairness and integrity of the judicial process as a whole. Id. The habeas court, therefore, improperly determined that the petitioner's appellate counsel rendered deficient performance that prejudiced the petitioner.

In conclusion, we reverse the judgment of the habeas court. With respect to the petitioner's trial counsel, the court failed to provide an analysis of prejudice the petitioner sustained as a consequence of trial counsel's deficient performance. We, therefore, remand the matter for further proceedings as to trial counsel. As to appellate counsel, the habeas court improperly concluded that his performance was prejudicial to the petitioner.

The judgment is reversed and the case is remanded with direction to deny the petition for a writ of habeas corpus as to appellate counsel and for a new trial with respect to the petition for a writ of habeas corpus as to trial counsel.

In this opinion the other judges concurred.

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[2] The amended petition also alleged the existence of newly discovered evidence. There is no mention of that claim in the habeas court's memorandum of decision or in either parties' brief on appeal. We therefore assume that that claim was abandoned by the petitioner in the habeas court and, therefore, decline to address it.

[3] After the respondent appealed, the petitioner filed a motion to terminate the automatic appellate stay imposed on the execution of the judgment of conviction imposed when the appeal was filed. The habeas court, *Cobb, J.*, denied the motion to terminate the automatic stay. The petitioner filed a motion for review of the denial of his motion to terminate the automatic stay. This court granted the motion for review but denied the relief requested.

[4] The relevant certified question in *DeJesus* was: "Does this court, or any court have the authority in light of the Connecticut Code of Evidence, to reconsider the rule that the introductions of prior sexual misconduct of the defendant in sexual assault cases, is viewed under a relaxed standard?" *State* v. *DeJesus*, 279 Conn. 912, 903 A.2d 658 (2006).

[5] Footnote 36 in *DeJesus* states: "*The precise content of such an instruction is beyond the scope of the present appeal.* We note, however, that the following instruction regarding the admission of evidence of uncharged misconduct under rule 413 of the Federal Rules of Evidence . . . has been approved by the Tenth Circuit Court of Appeals: In a criminal case in which the defendant is [charged with a crime exhibiting aberrant and compulsive criminal sexual behavior], evidence of the defendant's commission of another offense or offenses . . . is admissible and may be considered for its bearing on any matter to which it is relevant. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the [information]. Bear in mind as you consider this evidence [that] at all times, the government has the burden of proving that the defendant committed each of the elements of the offense charged in the [information]. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the [information]." (Citation omitted; emphasis added; internal quotation marks omitted.) *State* v. *DeJesus*, supra, 288 Conn. 474 n.36. But see footnote 8 of this opinion.

Rule 413 (a) of the Federal Rules of Evidence provides: "In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant."

Rule 414 (a) of the Federal Rules of Evidence provides: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant."

[6] R.N., a cousin of the petitioner's spouse at the time, testified that she baby-sat for the petitioner's children in the spring or summer of 1999, when she was twelve or thirteen years old. *State* v. *Hickey*, supra, 135 Conn. App. 543. She testified that the petitioner "touched her on three separate occasions while she was sleeping at the [petitioner's] house." Id., 543–44. R.N. frequently baby-sat at night and slept in her clothes on the couch. The first time the petitioner touched R.N., she was sleeping on the couch when she woke up and saw the petitioner's hand on her breast. The second time the petitioner touched R.N., she woke up and found that the petitioner's hand was "down her pants" in the area of her vagina and her "jeans were unbuttoned and unzipped." In each of the first two instances, R.N. rolled over, and the petitioner retreated to his room. The third time the petitioner touched R.N., she awoke and found the petitioner's hand in her underwear, in her vagina. When she rolled over, the petitioner ran his hand down her leg and asked if she was cold. He then put more pellets in the pellet stove.

[7] Trial counsel objected to R.N.'s testimony regarding the petitioner's prior, uncharged sexual misconduct.

[8] Our plenary review of the record disclosed the following colloquy between trial counsel and the court regarding the court's proposed charge.

"The Court: All right. And then we go to the issue of the—I will term it the *DeJesus* charge on propensity evidence. I know that in chambers the defense had an objection to some of the language.

"Trial counsel: Yes, Your Honor, specifically, to the aberrant and compulsive behavior language. I have requested that in criminal cases, which contain charges such as those in this trial, evidence of the defendant's commission of another offense may be considered and so forth. My objection is to the compulsive language—aberrant and compulsive criminal sexual behavior because that modifies in a criminal case in which the defendant is charged . . . with one—two offenses, but one incident here. I don't think that qualifies as compulsive, Your Honor.

"The Court: Does the state want to be heard?

"Assistant State's Attorney: Well, this is obviously new ground, and this is the *DeJesus* instruction—the canned instruction that's recommended by the judicial website, and so because it's such a new area, the state would ask the court to follow the judicial canned website.

"I would point out, I guess, that it is equally plausible for the jury to consider that the crime with which the defendant is charged is not aberrant and compulsive and so it almost allows them to make the decision that it's not aberrant and compulsive and therefore they can disregard all the misconduct evidence. That's perhaps another reading of that, which inures to the defendant's benefit.

"Trial counsel: Well, if I may, Your Honor, I believe the instruction as offered here, or as proposed here, labels this as aberrant and compulsive criminal behavior.

"The Court: Well, they say a crime exhibiting aberrant and compulsive sexual behavior. It's—it is uncharted territory, this is the language that came from the case. I think the case, in terms of—it was one—it was one victim, I know there were—obviously, there was prior misconduct evidence, but it wasn't as if there were multiple offenses, it was one offense of kidnapping and sexual assault, I think, in . . . *DeJesus*. So they allowed this language to come from that fact pattern. So the court is going to allow it to stand.

"Trial counsel: Again, objection, Your Honor."

At the present time, the model jury instruction regarding evidence of prior, uncharged sexual misconduct states: "When the defendant is charged with criminal sexual behavior, evidence of the defendant's commission of another offense or offenses is admissible and may be considered if it is relevant to prove that the defendant had the propensity or a tendency to engage in the type of criminal sexual behavior with which (he/she) is charged. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the information. Bear in mind as you consider this evidence that at all times, the state has the burden of proving that the defendant committed each of the elements of the offense charged in the information. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the information." Connecticut Criminal Jury Instructions (4th Ed. Rev. 2015) § 2.6-13, available at http://www.jud.ct.gov/ji/Criminal/part2/2.6-13.htm (last visited January 15, 2016).

"The phrase 'aberrant and compulsive sexual behavior' was changed to 'criminal sexual behavior.' The latter phrase was thought to be more neutral and less prejudicial." http://jud.ct.gov/ji/Criminal/changes.htm.

[9] We note a transcription error in the habeas court's memorandum of decision regarding the court's charge. The memorandum of decision states "may be considered for its bearing on any matter to which it is *not* relevant." (Emphasis added.)

[10] In *Gibson* v. *Commissioner of Correction*, 118 Conn. App. 863, 876 n.5, 986 A.2d 303, cert. denied, 295 Conn. 919, 991 A.2d 565 (2010), this court made a point of noting the different procedural postures and standards of review between an issue raised on direct appeal and one in a petition for a writ of habeas corpus. "[T]he burden that the petitioner must sustain for a favorable outcome on his ineffective assistance of counsel claim is a higher one than he would have had to sustain had the actual merits of the same issue been raised on direct appeal. . . . A reviewing court must be highly deferential to counsel's decision and judge the action from counsel's perspective at the time." (Citation omitted; internal quotation marks omitted.) *Nieves* v. *Commissioner of Correction*, 51 Conn. App. 615, 621, 724 A.2d 508, cert. denied, 248 Conn 905, 731 A.2d 309 (1999).

[11] By resolving the present appeal on the basis of prejudice, we take no position as to whether the habeas court properly found that the performance of the petitioner's trial and appellate counsel was deficient.

[12] The habeas court also failed to consider the model prior sexual misconduct charge which was amended in 2013.

[13] The habeas court found that trial counsel did not provide a strategic reason why he did not challenge the charge given by the trial court, although the respondent contends that trial counsel was never asked. Appellate courts do not make findings of fact, but it does not escape our notice that during the charging conference trial counsel argued against the inclusion of the words aberrant and compulsive in the trial court's charge. See footnote 8 of this opinion. From our review of the record, it does not appear that the record of the charging conference was addressed at the habeas trial.